### † PHILLIPS *versus* PHILLIPS.

The covenants in a collector's deed of land sold for the non-payment of taxes, that the proceedings in the assessment and sale were according to the provisions of law, are not evidence that the necessary preliminary steps were taken to pass the title to the grantee, in an action against one in possession under a recorded deed.

ON FACTS AGREED.

WRIT OF ENTRY.

The demandant claimed title to the premises under a deed from a collector of taxes, containing covenants of the grantor that the taxes were assessed and published, and notice of the intended sale of the land given, according to law; and that in all respects he had observed the directions of the law.

Before, and at the time of the date of the collector's

Phillips *v.* Phillips.

deed, and when this suit was instituted, the tenant was in possession of the premises, under a duly executed and recorded deed.

The Court were authorized to render judgment upon these facts.

*A. Sanborn,* for tenant. The deed of the collector is not *prima facie* evidence even that the statute requirements in the sale of land for taxes, have been fulfilled. *Brown* v. *Wright,* 17 Verm. 97; *Reed* v. *Field,* 15 Verm. 672. The requisitions as to advertising and selling must be proved. c. 123, § 16, of laws of 1844.

*Knowles & Briggs,* for demandant.

TENNEY, J. — The demandant claims under a deed dated April 17, 1841, from Humphrey Grant, professing therein to have been the collector of taxes for the town of Hermon in the year 1840, in which deed are recited the assessment of taxes upon the lot described in the writ, the commitment of the same to the collector, and the non-payment thereof, and the subsequent sale of the premises on account of the omission of payment, to the demandant. The deed contains covenants, that the taxes were legally assessed and published, and notice of the intended sale of the premises given according to law, and that in all respects the proceedings touching the sale were such as are required by legal provisions. This is the only evidence introduced in support of the action.

The tenant was in possession of the premises, before and at the date of the collector's deed, and of the writ, under a deed from Samuel Lowder, duly executed, acknowledged and recorded, conveying the same, to him, his heirs and assigns.

The title of the demandant cannot prevail. *Brown* v. *Veazie,* 25 Maine, 359. In this case, WHITMAN, C. J., who delivered the opinion of the Court, says, "sales of real estate, for the non-payment of taxes, must be regarded, in a great measure, as an *ex parte* proceeding. The owner is to

be deprived of his land thereby, and a series of acts, preliminary to the sale, are to be performed, to authorize it, on the part of the assessors and collector, to which his attention may never have been particularly called. It has therefore been held, with great propriety, that to make out a valid title under such sales, great strictness is to be required; and it must appear, that the provisions of the law preparatory to, and authorizing such sales, have been punctiliously complied with." *Plaintiff nonsuit.*